IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON SODEMANN,

                  Plaintiff,

    v.                                     OPINION and ORDER

JOSHUA MELNICK,
DANA MILLER, and                        22-cv-374-wmc
MELISSA POLLESCH,

                  Defendants.

---

Defendants have filed a motion to compel, Dkt. 121, asking the court to order plaintiff to produce medical records relating to his physical and mental condition from 2020 to present. Defendants contend these records are relevant to plaintiff's claim that defendants' conduct caused him physical injury, including lost sleep and stomach aches, and argue that they will be prejudiced at trial without the information because the records may support alternative explanations for plaintiff's medical ailments. Plaintiff has agreed to supplement records relating to his mental condition, but objects to producing any records relating to his physical condition. He argues defendants withdrew their original request for such records and that it is too late to request the records now, just weeks before trial. The court will grant defendants' motion for the following reasons.

First, the requested records bear on plaintiff's claim that defendants' conduct injured him. The parties dispute whether plaintiff's original claim was limited to psychological injuries, but this is beside the point because the court has since ruled that a jury could find that plaintiff suffered physical injuries. Dkt. 110 at 28. In so ruling, the court relied on plaintiff's reports that he "sought medical attention" for "extreme anxiety, panic attacks, and insomnia," which

could constitute physical injuries. *Id.* Defendants should be allowed to probe these reports by reviewing the medical records for themselves. And, to the extent Judge Conley finds the records admissible, the jury should be provided as fulsome a picture on this point as the Rules of Evidence allow. Plaintiff does not meaningfully dispute the relevance of the records.

Second, although defendants' motion is late—it was filed after the close of discovery, the court finds this lateness excusable. It would have been better had defendants filed this motion when it was clear plaintiff objected to the scope of the instant authorization—from the court's review of the correspondence, this was in late January. Dkt. 122-8 at 2. It is unclear why the motion was not filed until March. But at least part of the delay appears to have been caused on plaintiff's end. The court held a telephonic hearing on whether to reopen discovery on December 4, 2025, and it ordered plaintiff to "supplement the production of his medical records to ensure they are up to date for trial." Dkt. 116. Days later, defendants' counsel sent plaintiff's counsel a revised medical authorization for plaintiff's signature, authorizing the release of his entire medical records—including those relating to both physical and mental conditions—from 2020 to present. Plaintiff's counsel did not object to the scope—in fact, they told defendants' counsel to "[f]eel free to have DOC staff get Plaintiff's signature on the release." Dkt. 122-6 at 1. And, critically, plaintiff signed the authorization on January 9, 2026. Dkt. 122-8 at 8. At this point, it appeared production was imminent, but there was a miscommunication about how to actually get the records from DOC. *Id.* at 3. Only later did plaintiff's counsel object to the scope, and even later raise concerns with the burden associated with production, discussed next. On this record, it wasn't unreasonable for defendants to think the records were forthcoming—at least for some time.

Third, despite plaintiff's counsel's protests, production of these records is not an overly onerous process and thus not disproportionate to the needs of the case. It is not clear how voluminous these records are, but even if they are thousands of pages as plaintiff theorizes, the court is confident plaintiff's counsel can complete review by the deadline. This review can be facilitated by the parties entering into a confidentiality agreement restricting use to the litigation.

Finally, there is no unfair prejudice to plaintiff by requiring this production. Plaintiff knows what medical treatment he has sought and why, and he has had access to and control over his own personal health information since he filed this lawsuit. This order simply allows all parties the same access to relevant information. To the extent reviewing the records distracts from other trial preparation tasks, this could have been avoided had plaintiff completed the production in December as the court ordered or January as counsel's correspondence contemplated. In any event, the court will set special deadlines for pretrial motions related to these records to address issues with the pretrial submission schedule. Apart from this change, the parties should expect no other relief from any of the pretrial deadlines. Defendants in particular should expect no follow-on discovery related to these records. As outlined above, defendants could have brought this motion sooner, so they cannot rely on the records to reopen discovery in any fashion or seek relief from any previously ordered deadlines.

ORDER

IT IS ORDERED that:

1. Defendants' motion to compel is GRANTED.

2. Plaintiff must complete production as soon as possible, but no later than March 23, 2026.

3

3.  The March 17, 2026 motion hearing is CANCELLED, and the parties are ORDERED to use the time instead to meet and confer on logistics for the production.

4.  Any pretrial motions related to these records are due March 27, 2026, and any responses are due April 1, 2026.

5.  All other pretrial deadlines remain in place.

6.  The parties bear their own costs on this motion.

Entered 16th day of March, 2026.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge